JAMES F. MEEHAN, Respondent, *v.* MICHAEL KAUFMAN, Appellant.

First Department, February 3, 1928.

Evidence — expert evidence — action for breach of contract in reference to sale of real property — opinion evidence admissible as to leaseable value of premises in suit — error to permit expert, upon direct examination, to give specific instances of leases made at other locations — conduct of trial — action of attorney and witness, who was also attorney, was prejudicial.

The plaintiff seeks to recover damages for breach of an alleged contract, whereby he was to obtain an assignment of a contract to purchase real property and the defendant was to finance the purchase and the erection of a garage thereon. On the question of damages, evidence was admissible as to the leaseable value

of the premises in suit, but it was error to permit an expert witness to state upon direct examination specific instances of leases made by him at various locations. The question raised collateral issues.

Prejudicial error existed, due to the fact that the trial was not conducted in a calm and dispassionate manner. It appears that a lawyer, who was a witness, more or less assumed the role of an advocate on the witness stand, and the result was that the trial evolved a heat of feeling between the court and the defendant and his counsel, which resulted in prejudice, requiring a reversal.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of January, 1926, and also from an order entered in said clerk's office on the 17th day of February, 1926.

*Willard Schwartz* of counsel [*William Macy* with him on the brief; *Willard Schwartz*, attorney], for the appellant.

*Harry E. Herman* of counsel [*E. Stanley Marks* with him on the brief; *Herman & Ernst*, attorneys], for the respondent.

FINCH, J. The judgment appealed from must be reversed and a new trial granted.

The plaintiff sued to recover $50,000 as damages for breach of a contract whereby the plaintiff was to obtain an assignment of a contract to purchase certain real property and the defendant was to finance this purchase and the erection of a garage upon the property. The plaintiff claims the defendant refused to fulfill his agreement and that plaintiff in consequence was forced to arrange with another in place of the defendant to finance the transaction. In so doing the plaintiff had to be content with a smaller interest in the corporation which was formed, and claims damages for this difference. Before the jury the plaintiff contended that the defendant had not only refused to carry out the contract, but had sought to obtain for himself the assignment of the original contract of purchase. The defendant, on the other hand, claimed that the plaintiff deliberately excluded him from participating in the enterprise.

These issues of fact were closely contested and hence magnify the errors complained of, and hereinafter referred to.

There was error in permitting the expert Loeb to state upon direct examination specific instances of leases made by him at various locations, instead of confining his testimony to his opinion, as an expert, of the leaseable value of the premises in suit. The giving of specific instances injects collateral issues into the cause. To permit a party to select such specific instances as he may desire and produce this testimony at will as a part of his direct testimony, tends to prevent a fair trial of the real issues in the case. In

addition to creating collateral issues, a party obviously is often not in a position to controvert testimony of an expert regarding particular transactions, or to show why those particular transactions are not criteria of the issues involved. Consequently the introduction of such testimony violates well-settled rules of evidence, and constitutes reversible error. (*Huntington* v. *Attrill*, 118 N. Y. 365, 378; *Jamieson* v. *Elevated R. Co.*, 147 id. 322.)

A far more important error was the lack, during a great part of the trial, of an atmosphere of that calm, dispassionate presentation and examination of the evidence which is so necessary to the due administration of justice. Owing in large measure to a lawyer witness who was unable to dissociate his role as a witness from that of an advocate, the trial evolved a heat of feeling between the court and the defendant and his counsel. This becomes obvious upon even a superficial examination of the record. No good can come from setting forth here examples from the record.

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.